IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVE LUNDBORG, | ) CIVIL NO. 09-00544 DAE-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) DEFENDANTS' MOTION FOR |
| | ) ATTORNEY'S FEES |
| MAUI COUNTY; CHIEF OF | ) |
| POLICE FOR MAUI COUNTY | ) |
| THOMAS PHILLIPS; MOANA M. | ) |
| LUTEY; JOHN/JANE DOE MAUI | ) |
| COUNTY POLICY EMPLOYEES #1- | ) |
| 20; AND OTHER JOHN/JANE DOE | ) |
| EMPLOYEES #1-20 OF MAUI | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION FOR ATTORNEY'S FEES

Before the Court is Defendants Maui County and Chief of Police for Maui County Thomas Phillips' (collectively "Defendants") Motion for Attorney's Fees ("Motion"), filed December 7, 2010.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing Defendants' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be DENIED for the

reasons set forth below.

## BACKGROUND

On November 12, 2009, Plaintiff Steve Lundborg ("Plaintiff") commenced the instant action. On December 1, 2009, Plaintiff filed a First Amended Complaint.

On May 17, 2010, Plaintiff filed a Second Amended Complaint ("SAC"), alleging a 42 U.S.C. § 1983 claim for violations of his First, Second, and Fourteenth Amendment rights under the U.S. Constitution, as well as the laws and Constitution of the State of Hawaii. This action arises out of Plaintiff's attempt to submit an application to acquire a firearm.

On November 30, 2010, U.S. District Judge David Alan Ezra issued an Order: (1) Granting in Part Defendants' Motion for Summary Judgment; and (2) Dismissing Without Prejudice Plaintiff's State Law Claim ("SJ Order"). Doc. No. 67. He held that 1) Plaintiff's Second and Fourteenth Amendment claims are time barred; 2) Plaintiff's § 1983 claim for violation

of his First Amendment rights is insufficient to show municipal liability; 3) Defendant Moana Lutey is entitled to qualified immunity as to Plaintiff's First Amendment claim; and 4) the Court declines to extend supplemental jurisdiction over Plaintiff's state law claims.  SJ Order at 11-26.

This Motion followed.

## DISCUSSION

As an initial matter, the Court notes that this Motion is premature, insofar as judgment has yet to be entered.  The Court will nevertheless consider the Motion because the entry of judgment is a formality, given that the SJ Order has disposed of all claims in this action.

Defendant argues that it is entitled to an award of attorneys' fees under 42 U.S.C. § 1988 as the prevailing party in this action because Plaintiff's claims were frivolous and unreasonable.  Section 1988 provides, in pertinent part:  "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the

prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).  To be considered a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Farrar v. Hobby, 506 U.S. 103, 109 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1160 (9th Cir. 2000).

Section 1988 "give[s] a court the discretion to award attorney's fees to a prevailing defendant in certain civil rights lawsuits if the court finds that the plaintiff's action is 'frivolous, unreasonable, or without foundation.'"  Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 619 (9th Cir. 1987) (quoting Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978) (Title VII case); Hughes v. Rowe, 449 U.S. 5, 14-16 (1980) (per curiam)); Dosier v. Miami Valley Broad. Corp., 656 F.2d 1295, 1301 (9th Cir. 1991) ("The only purpose served by awarding attorneys' fees to a prevailing defendant is

to discourage frivolous litigation." (citation omitted)); Maag v. Wessler, 993 F.2d 718, 719 (9th Cir. 1993) (citation omitted) ("A court may grant attorney's fees to a defendant under section 1988 only under the limited circumstances where the action is "frivolous, unreasonable, or without foundation."). "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." Galen v. County of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007). This strict standard serves to uphold "Congress' policy of promoting vigorous prosecution of civil rights violations under . . . § 1983." Miller, 827 F.2d at 619 (citations omitted). The Supreme Court has cautioned that in applying this standard, "it is important that the district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22.

In the present case, there is no question that Defendants are the prevailing parties.  Judge Ezra granted summary judgment in their favor and dismissed Plaintiff's state law claims.  However, "[a]lthough a defendant has prevailed in a civil rights case and a plaintiff has not met its prima facie burden, it does not necessarily follow that attorney's fees should be awarded to the defendant."  Berry v. E.I. Dupont de Nemours and Co., 635 F. Supp. 262, 266 (D. Del. 1986).  Indeed, just "[b]ecause a plaintiff has not met a *prima facie* burden and has not presented enough evidence . . . such failure does not lead to a finding of frivolity or groundlessness."  Id.  Whether or not a plaintiff has established a prima facie case is but one factor in determining frivolity or groundlessness.  Id.  Other factors for the court's consideration include offers of settlement by a defendant and whether the court dismissed the case prior to trial.  Id. (citing Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)).

Here, the Court cannot say that Plaintiff's case was frivolous, unreasonable, or without foundation. The mere fact that Defendants prevailed on summary judgment does not alone support an award of fees. See, e.g., Hudson v. Western Airlines, Inc., 851 F.2d 261, 267 (9th Cir. 1988) (fact that the plaintiff does not prevail is not enough to justify an award of fees to a prevailing defendant); Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d 1409, 1422 (9th Cir. 1988) (affirming district court's denial of attorneys' fees to prevailing defendant where summary judgment granted as to all claims); Galen, 477 F.3d 652 at 667 (That a plaintiff loses at summary judgment does not render his or her case per se frivolous, unreasonable, or without foundation).

Although Defendant characterizes Plaintiff's claims as frivolous, it has not demonstrated that said claims rose to the level of frivolous, unreasonable, or without foundation. See, e.g., Miller, 827 F.2d at 620 (findings of frivolousness by agencies or evidence that the suit was brought to federal court in bad faith

7

would provide support for an award of fees to a prevailing defendant). To support their assertion, Defendants cite to portions of the SJ Order where Judge Ezra found that Plaintiff failed to provide facts and/or made no showing with respect to Defendant's Lutey's actions. SJ Order at 18-19, 23. That Plaintiff failed to sustain his burden on a motion for summary judgment does not necessarily result in a finding of frivolousness, because had Plaintiff sustained his burden, it is unlikely that Defendants would have prevailed on summary judgment. Far more significant than the passages cited by Defendants, and to which the Court gives substantial weight, is the fact that Judge Ezra made no finding that Plaintiff's claims were frivolous, unreasonable, or without foundation. Absent such a finding by Judge Ezra, particularly in view of the fact that he adjudicated the merits of the action after full briefing, this Court declines to recommend an award of attorneys' fees to Defendants. See, e.g., Kaalakea v. Haw. Health Sys. Corp., Civil No. 07-00177 DAE-KSC, 2008 WL 4809474, at

8

*3 (D. Haw. Nov. 4, 2008) (adopting Report of Special Master recommending denial of the prevailing defendant's motion for attorneys' fees, despite Judge Ezra's characterization of the case as one of "dubious substantive merit," because of absence of finding by Judge Ezra that the plaintiff's claims were frivolous, unreasonable, or without foundation).

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that Defendants Maui County and Chief of Police for Maui County Thomas Phillips' Motion for Attorney's Fees, filed December 7, 2010, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, December 10, 2010.



Kevin S.C. Chang
United States Magistrate Judge

LUNDBORG V. MAUI COUNTY, ET AL.; CIVIL NO. 09-00544 DAE-KSC; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ATTORNEY'S FEES