IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVE LUNDBORG, | ) CIVIL NO. 09-00544 DAE-KSC |
| | ) |
|     Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY AS |
|     vs. | ) UNTIMELY PLAINTIFF'S |
| | ) OPPOSITION TO DEFENDANTS' |
| MAUI COUNTY; CHIEF OF | ) BILL OF COSTS |
| POLICE FOR MAUI COUNTY | ) |
| THOMAS PHILLIPS; MOANA M. | ) |
| LUTEY; JOHN/JANE DOE MAUI | ) |
| COUNTY POLICY EMPLOYEES #1- | ) |
| 20; AND OTHER JOHN/JANE DOE | ) |
| EMPLOYEES #1-20 OF MAUI | ) |
| COUNTY, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY AS UNTIMELY
<u>PLAINTIFF'S OPPOSITION TO DEFENDANTS' BILL OF COSTS</u>

On December 7, 2010, Defendants filed a Bill of Costs ("BOC"). On December 20, 2010, Plaintiff Steve Lundborg ("Plaintiff") filed a Memorandum in Opposition to 1) Defendants' Motion for Attorney Fees, filed on December 7, 2010 and 2) Defendant's Bill of Cost, filed on December 7, 2010. The foregoing opposition to the BOC, construed as an objection, is untimely. Pursuant to Rule 54.2(d) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii ("Local

Rules"), any objection to the BOC had to be filed within 7 days after service of the BOC.  Rule 54.2(d) provides:

> **Within seven (7) days after a Bill of Costs is served, the party against whom costs are claimed must file and serve any specific objections**, succinctly setting forth the grounds and authorities for each objection.  **Upon the <u>timely</u> filing of any objections, the clerk will refer both the Bill of Costs and objections to the court for a determination of taxable costs**.  If no such memorandum is filed within the required time, the movant shall notify the clerk that no objections have been filed.  **When no <u>timely</u> objection has been filed, the clerk may tax all of the requested costs on fourteen (14) days' notice**.

Local Rule 54.2(d) (emphases added).  According to Local Rule 54.2(d), Plaintiff was required to file his objection by December 14, 2010.  Even with the extra time provided for taking action as set forth in Federal Rule of Civil Procedure 6(d), Plaintiff's objection was due on December 17, 2010.  Fed. R. Civ. P. 6(d) (adding 3 days to the time period in which a party may or must act if service is made under rule 5(b)(2)(C), (D), (E), or (F)).  Consequently, the December 20, 2010 filing is

untimely.  What is more, it was not properly filed as an objection.  For these reasons, the Court declines to consider the objection.  There being no timely objection filed, the Court recommends that the clerk tax all of the requested costs in the ordinary course, pursuant to Local Rule 54.2(d).

To the extent Plaintiff's opposition, filed December 20, 2010, is construed as an objection to the BOC, the Court FINDS AND RECOMMENDS that it be DENIED as untimely.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, December 21, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge


CV 09-00544 DAE-KSC; Lundborg v. Maui County, et al.; FINDINGS AND RECOMMENDATION TO DENY AS UNTIMELY PLAINTIFF'S OPPOSITION TO DEFENDANTS' BILL OF COSTS