IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STEVE LUNDBORG, | ) | CV NO 09-00544 DAE KSC |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MAUI COUNTY, CHIEF OF POLICE FOR MAUI COUNTY THOMAS PHILLIPS, MOANA M. LUTEY, JOHN/JANE DOE MAUI COUNTY POLICE EMPLOYEES #1-20, AND OTHER JOHN/JANE DOE EMPLOYEES #1-20 OF MAUI COUNTY, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER (1) DENYING DEFENDANTS' OBJECTIONS TO THE FINDINGS
AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR
ATTORNEY'S FEES, AND (2) ADOPTING THE MAGISTRATE JUDGE'S
<u>FINDINGS AND RECOMMENDATION</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing the Defendants' Objections, the

Court DENIES Defendants' Objections (Doc. # 73) to the Magistrate Judge's

Findings and Recommendation to Deny Defendants' Motion for Attorney's Fees (Doc. # 70), and ADOPTS the Magistrate Judge's Findings and Recommendation.

BACKGROUND

The Court repeats the background facts only as is necessary for a decision on the Objection to the Magistrate Judge's Findings and Recommendation ("Obj.," Doc. # 73) in the discussion section below. Additional background facts are contained in this Court's Order of November 30, 2010. ("MSJ Order," Doc. # 67.)

In 1999, Plaintiff Steve Lundborg ("Plaintiff") applied for a firearm permit at the Maui Police Department, and Maui's Chief of Police Thomas Phillips ("Chief Phillips") denied Plaintiff's application due to a 1986 conviction for a misdemeanor in Colorado. On April 28, 2005, Plaintiff again tried to apply for a firearm permit, but on this occasion, the Maui Police Department declined to accept Plaintiff's application for processing. On October 3, 2005, Defendants, through their counsel Moana Lutey ("Lutey"), filed a declaratory judgment action against Plaintiff in the Second Circuit Court of Hawaii. Their action sought a judgment stating that Chief Phillips acted properly in denying Plaintiff's firearm application. Subsequent years of litigation ensued, culminating in the Intermediate Court of Appeals finding for Plaintiff on November 2, 2009.

On November 12, 2009, Plaintiff filed a complaint in this Court against Maui County ("County"), Chief Phillips, and Lutey (collectively, "Defendants"). (Doc. # 1.) The Complaint, pursuant to 42 U.S.C. § 1983, alleged that Defendants violated Plaintiff's Second and Fourteenth Amendment rights, and rights under the laws of the State of Hawaii. (Id.) On December 1, 2009, Plaintiff filed a First Amended Complaint again alleging that Defendants denied his Second and Fourteenth Amendment rights by unlawfully refusing to accept his firearm permit application for "normal processing" under Hawaii Revised Statutes § 134-2. (Doc. # 6.) Plaintiff's Second Amended Complaint sought relief for violations of the First, Second, and Fourteenth Amendments of the U.S. Constitution under 42 U.S.C. § 1983, and also sought relief for a claim of malicious prosecution, contending that Maui County's prosecution against Plaintiff in State Court was done for the purpose of precluding Plaintiff from seeking redress of his grievances. (Doc. # 35.)

On August 11, 2010, Defendants filed a Motion for Summary Judgment. (Doc. # 45.) On November 30, 2010, this Court issued an order granting in part the Motion for Summary Judgment, and dismissing without prejudice Plaintiff's state law claims ("MSJ Order"). (MSJ Order, Doc. # 67.)

On December 7, 2010, Defendants filed a Motion for Attorney's Fees ("Motion") pursuant to 42 U.S.C. § 1988. ("Mot.," Doc. # 68.) On December 10, 2010, Magistrate Judge Kevin S. C. Chang recommended without a hearing that Defendants' Motion for Attorney's Fees be denied. ("F & R," Doc. # 70.) Specifically, the Magistrate Judge found that Defendants were not entitled to attorney's fees under 42 U.S.C. § 1988 because they failed to demonstrate that Plaintiff's claims were frivolous, unreasonable, or without foundation. (F & R at 7.) On December 22, 2010, Defendants filed an Objection to the Magistrate Judge's F & R ("Objection"). ("Obj.," Doc. # 73.)

STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination. A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

4

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

DISCUSSION

Defendants object to the Magistrate Judge's F & R, and argue that this Court should find that Plaintiff's action was frivolous and unreasonable and thereby award attorney's fees in Defendants' favor. (Obj. at 2.) Defendants' primary contention with the F & R is, "that it does not discuss the obvious flaws with Plaintiff's case," and instead, the F & R rests its conclusion on the fact that this Court did not specifically find Plaintiff's action to be frivolous in its Order granting Summary Judgment. (Id. at 3.) First, it was not necessary for the Magistrate Judge to revisit all of the arguments in Plaintiff's case because they were decided by this Court on Summary Judgment. Additionally, as noted in the F & R, the absence of a finding by this Court that Plaintiff's action was frivolous, carries significant weight in declining to award attorney's fees to Defendants. See e.g. Kaalakea v. Haw. Health Sys. Corp., Civil No. 07-00177 DAE-KSC, 2008 WL 4809474, at *3 (D. Haw. Nov. 4, 2008) (adopting Report of Special Master

5

recommending denial of the prevailing Defendant's motion for attorney's fees, despite this Court's characterization of the case as one of "dubious substantive merit," because of an absence of finding by this Court that the plaintiff's claims were frivolous, unreasonable, or without foundation.)  While the Court recognizes that Plaintiff failed to meet his burden in pleading his federal law claims, the Court made no finding that Plaintiff's claims were frivolous.  Thus, attorney's fees are not appropriate where the Court does not find that Plaintiff's action is frivolous, unreasonable, or without foundation.  See Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 619 (9th Cir. 1987).

Defendants also argue that Plaintiff's claims were frivolous because they were clearly time-barred.  (Obj. at 3–4; Mot. at 3–5.)  While Defendants cite to a case which held that clearly time barred claims are frivolous, see Munshi v. New York Univ., 528 F. Supp. 1080, 1090 (S.D.N.Y. 1981), this case has no precedential value on this Court and is thus not dispositive.  Alternatively, the Ninth Circuit has previously affirmed denial of attorney's fees under § 1988, even where plaintiff's claims were barred by the statute of limitations.  See Mitchell v. Los Angeles Community College District, 861 F.2d 198, 202 (9th Cir. 1988).  Although the Court granted summary judgment in favor of Defendants, in part because Plaintiff's Second and Fourteenth Amendment claims were time-barred

(See MSJ Order at 11–14), the Court does not go so far as to say that those claims were frivolous. Beyond reiterating the basis on which the Court granted summary judgment in favor of Defendants, Defendants fail to demonstrate that Plaintiff's Second and Fourteenth Amendment claims were frivolous. That a Court grants summary judgment to Defendants, alone, does not support an award of attorney's fees. See e.g. Hudson v. Western Airlines, Inc., 851 F.2d 261, 267 (9th Cir. 1988).

Next, Defendants argue that Plaintiff's claims not barred by the statute of limitations were wholly unsupported, and that such claims should be deemed frivolous. (Obj. at 4.) First, Plaintiff's failure to allege sufficient facts to prove the elements of his First Amendment claim under Section 1983 does not automatically support an award of attorney's fees, because failure to ultimately prevail does not render his action unreasonable or without foundation. See Christianburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421–422 (1978). Additionally, in the MSJ Order, the Court declined to exert supplemental jurisdiction over Plaintiff's state law claims, and thus made no findings as to the merits of Plaintiff's state law claims. (See MSJ Order at 25–26.) Therefore, the Court has no grounds on which to find Plaintiff's state law claims frivolous. For these reasons, Defendants fail to show that Plaintiff's claims not barred by the statute of limitation were frivolous, unreasonable, or without foundation.

7

Finally, Defendants argue that their expenses were increased by Plaintiff amending his complaint to bring allegedly frivolous claims against Lutey. (Obj. at 4.) They contend that the decision to include Lutey as a defendant was, "an obvious ploy to impair Defendants' ability to defend Plaintiff's meritless suit, by disqualifying Ms. Lutey from further representation of the other Defendants." (Id.) However, Defendants provide the Court with no evidence suggesting Plaintiff added Lutey as a party for the purpose of disqualifying her from representing the other Defendants. Moreover, Lutey initiated the lawsuit in state court against Plaintiff, which was the basis for Plaintiff's malicious prosecution and First Amendment claims. Thus, the Court fails to see how adding Lutey as a Defendant in light of those claims was frivolous, unreasonable, or without foundation. For the reasons stated in the F & R, as well as the aforementioned reasons upon conducting a de novo review, the Court agrees with the Magistrate Judge's findings.

Accordingly, the Court DENIES Defendants' Objections to the Findings and Recommendation to deny Defendants' Motion for Attorney's Fees, and ADOPTS the Magistrate Judge's Findings and Recommendation.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, January 24, 2011.



David Alan Ezra
United States District Judge

Steve Lundborg v. Maui County et al., CV No. 09-00544 DAE; ORDER (1) DENYING DEFENDANTS' OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION FOR ATTORNEY'S FEES, AND (2) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION